\* SARAH E. EVERICH v. MINERVA CONRAD ET AL..

LIEN OF DECREE FOR ALIMONY.

     A decree for alimony payable in gross, in a proceeding by the wife against the husband for divorce and alimony, operates as a lien upon the real estate of the husband in the county where it is rendered, and can be enforced by execution levied upon such lands when they have been conveyed by the husband after the decree was rendered. But it does not follow that a decree for alimony in installments would have the same force.

ERROR to the Court of Common Pleas of Muskingum county.

---

\* The judgment was affirmed by the supreme court. See Opinion, 50 O. S., 476.

ALBAUGH, J.

This is an action to restrain the sheriff from selling certain real estate in this county upon execution. The facts as they appear from the pleadings, are in substance that at the January term of the court of common pleas of 1889, the plaintiff in error, Sarah E. Everich, obtained a decree for divorce from one James Everich, in which proceeding she was granted alimony in the sum of one thousand dollars in gross, and in default of payment for five days that execution issue therefor. James Everich at that time was the owner in fee simple of the real estate described in the petition, and on the 16th day of July, 1889, he conveyed said premises to the defendant Minerva Conrad. August 1st, 1889, an execution issued upon the judgment for alimony, and a levy was made upon the premises, which were appraised and advertised by the sheriff for sale, to enjoin which the defendant in error brought this action. Upon the hearing, the court of common pleas perpetually enjoined the sheriff from the sale of the premises, and a petition in error is filed in this court to reverse the judgment.

The question presented is, whether the decree for alimony in gross to Sarah E. Everich operated as a lien *per se* upon the real estate of her husband James Everich in the county. If it did, then the plaintiff took the premises encumbered with the lien; and would not be entitled to the relief sought in this action. The usual practice when alimony is decreed, either in installments or in gross, is to charge the same upon the lands of the husband; but whether it will operate as a lien upon lands when the allowance or decree is for a sum in gross, when not so charged, has not been decided in this state so far as I know. The counsel for the plaintiff in error contends that a decree for alimony in a proceeding is in the nature of a decree in chancery under the old practice, and that it has the same force and effect and operates as a lien in the same manner as a judgment at law, while the counsel for the defendant in error claims that a proceeding for divorce and alimony is purely statutory, and that a decree for alimony does not operate as a lien upon real estate unless made so by the statute. That the court is invested with jurisdiction to hear and determine all equitable questions that may arise in a proceeding for divorce and alimony, and to render such a judgment for alimony as may seem just and equitable, is clear from an examination of sec. 5699 of the statute, which provides that when a divorce is granted by reason of the aggression of the husband, the wife shall by force of the judgment of divorce be restored to all her lands, tenements and hereditaments not previously disposed of, and if she so desire, the court shall restore her to any name she had before marriage; she shall be allowed such alimony out of her husband's real and personal property as the court may deem reasonable, having due regard to the property which came to him by marriage, and the value of his real and personal estate at the time of the divorce, which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court may deem just and equitable.

By the amendatory act of 1834, 32 O. L., 37, it was provided that all proceedings in cases of divorce shall be as in chancery, and again it was provided by statute, that decrees in chancery shall from the time of their being pronounced have the force, operation and effect as judgments at law. So that before the adoption of the code of civil procedure, judgments at law and decrees in chancery were made liens by statute on the lands of the debtor in the county. The form of remedy in both law and equity proceedings having been abolished by the code, we have but the one mode of procedure, called a civil action, in which the determination of the rights of the parties by the court is denominated a judgment, whether it is an action at law or a suit in equity; and the statute provides further that such lands and tenements within the county where the judgment is entered, shall be bound for the satisfaction thereof, from the first day of the term at which the judgment is rendered. If the determination of the rights of the parties in a proceeding for divorce and alimony, in which alimony is ordered to be paid in gross, is a judgment within the meaning of this statute, we know of no reason why it should not operate as a lien upon the lands of the judgment debtor from the time of its rendition, as other judgments. Section 5310 defines a judgment to be the final determination of the rights of the parties in action; and in sec. 5697 the legislature has denominated the granting of allowance for alimony a judgment.

The case of Olin v. Hungerford, 10 O., 268, is relied on by counsel for defendant. In that case it was held that a decree for alimony to be paid in installments, does not operate as a lien upon the real estate of the defendant, unless made a charge thereon by the decree itself. It will be seen that the decree was rendered in that case prior to the act of 1834 before referred to, and the court say, that this statute can have no effect upon the case before the court for that reason, and it is further said: "But, even under this statute, should we hold that a decree for a gross sum to be paid the wife, would operate as a lien, it does not follow that the same principle would hold where, as in the present case, it was for the payment of specified sums annually, during the joint lives of the parties; on the contrary, a majority of the court believe that such would be an improper construction of the law." There is a manifest difference between a decree for alimony payable in installments, and a decree for a

sum of money in gross. In the former, the uncertainty of the amount, and the coming due and payable of future installments from time to time, would make it impossible that such decrees should attach as a lien upon real estate without the aid of the court in making it a charge thereon; while in the latter the judgment is for a sum certain, the rights of the parties are determined, and the judgment is final and conclusive.

It is further contended that the decree is an order merely for the payment of money, or an allowance of a sum of money to the wife as alimony, and that it is defective in form. as a judgment. The entry is, "that it is further ordered and adjudged that the defendant pay the plaintiff additional alimony in the sum of one thousand dollars, and in default of such payment within five days, that execution issue therefor." The case of Linsley v. Logan, 33 O. S., 376, was an action to recover the balance due on a land contract, and to subject the land to sale for the payment thereof. The defendant by cross-petition set up an alleged cloud on the plaintiff's title to the land. The court on the trial made an entry, finding that the cloud had been removed; that the plaintiff had deposited with the clerk of the court deeds conveying a clear title; the amount due on the contract, and adjudging the defendant to pay the amount to the clerk within thirty days, and in default thereof, that execution issue therefor. The land was sold, and for the balance remaining due execution was issued on the judgment, and levied on other lands of the defendant, which were claimed by another party under a lien acquired after the rendition of said judgment. It was held that the entry so made was a final determination of the rights of the parties to the action, and was, therefore, a judgment within the meaning of sec. 370, and being a final judgment against the debtor for the payment of money, under sec. 421 became a lien on his land in the county where it was rendered, superior to that subsequently acquired. It was further said in that case, that while the journal entry was not in the best form, the judicial entry in question answers in substance the definition of a judgment, and it was therefore a judgment within the meaning of the code; it was a judgment for the payment of money final between the parties, upon which an execution was expressly awarded." So we say, in this case the judgment was for the payment of a sum of money in gross, and the action of the court was final and conclusive, settling all the rights of the parties in that proceeding, in respect to the rights of the wife to alimony, and execution awarded to enforce the judgment. Our conclusion, therefore, is that the defendant in error could not maintain the action to restrain the sheriff from the sale of the premises acquired by her after judgment for alimony was rendered; that such judgment became a lien on these premises; which the plaintiff in error could enforce by a' levy of execution and a sale to satisfy it. The judgment of the common pleas is therefore reversed, and the cause remanded for further proceeding.

Ball & Hoffman, for plaintiff in error.

Chas. H. Beard, for defendant in error.